IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSVALDO PUMBA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 21-5639 |
| | : | |
| v. | : | |
| | : | |
| SAL MADRID C.O., SGT. PACHIONNI, | : | |
| L.T. DAWSON, and LEHIGH COUNTY | : | |
| JAIL, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                April 29, 2022

The *pro se* plaintiff, a convicted and sentenced inmate serving time in a county jail, has sought leave to proceed *in forma pauperis* in an action against defendants involved with the county jail. He raises claims for violations of his Eighth Amendment rights under 42 U.S.C. § 1983 based on two separate incidents. For the first incident, he alleges that one of the defendant correctional officers pushed urine and fecal matter into his cell and, when he tried to block the waste from entering his cell, the same correctional officer and another correctional officer removed the impediments and continued pushing the waste into his cell. They also returned with the C.E.R.T. team, removed the plaintiff's mattress and clothing, and left him naked in the dirty cell surrounded by human waste. The plaintiff also claims to have been assaulted. Due to being exposed to the human waste, the plaintiff got sick. Despite becoming sick, the plaintiff states that he was denied medical assistance.

For the second incident, the plaintiff asserts that another of the defendant correctional officers shut off the water to his cell for 48 hours. He also alleges that he was sexually harassed by one of the defendant correctional officers.

After reviewing the *in forma pauperis* application and screening the complaint as required by 28 U.S.C. § 1915(e)(2), the court will permit the plaintiff leave to proceed *in forma pauperis*, will allow the plaintiff's Eighth Amendment conditions of confinement claims against two correctional officers relating to the human waste to proceed, and will dismiss all other claims without prejudice. The court will also allow the plaintiff the opportunity to cure those claims that the court is dismissing without prejudice or notify the court that he intends to proceed on only the conditions of confinement claim that has passed statutory screening.

## I.      ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Osvaldo Pumba ("Pumba"), commenced this action by filing an application for leave to proceed *in forma pauperis* and complaint, which the clerk of court docketed on December 21, 2021. *See* Doc. Nos. 1, 2. On January 28, 2022, this court denied the *in forma pauperis* application without prejudice to Pumba refiling a new application along with a prisoner trust fund account statement as required by 28 U.S.C. § 1915(a)(2). *See* Jan. 28, 2022 Order at 2–3, 7, Doc. No. 4.[1] On February 2, 2022, the clerk of court docketed a number of documents submitted by Pumba, including (1) a motion for release from prison, (2) a motion for a speedy trial, (3) a motion "of one million dollars lawsuit," (4) a motion for extension of time, (5) a motion for leave to proceed *in forma pauperis*, and (6) a prisoner trust fund account statement. *See* Doc. Nos. 5–10. On February 7, 2022, the clerk of court docketed two additional documents submitted

---

[1] Pumba has also filed five other complaints in this court. *See Pumba v. Lehigh Cnty. Jail, et al.*, Civ. A. No. 21-5585, Doc. No. 2; *Pumba v. Lehigh Cnty. Jail Admin., et al.*, Civ. A. No. 22-134, Doc. No. 2; *Pumba v. Lehigh Cnty. Jail Admin., et al.*, Civ. A. No. 22-137, Doc. No. 2; *Pumba v. Lehigh Cnty. Jail Admin., et al.*, Civ. A. No. 22-179, Doc. No. 2; *Pumba v. Maldonado, et al.*, Civ. A. No. 22-476, Doc. No. 3. The January 28, 2022 Order also addressed Pumba's *in forma pauperis* applications in four of those cases.

The court also notes that in each of these other cases, Pumba asserts claims under 42 U.S.C. § 1983 against defendants associated with the Lehigh County Jail. This memorandum opinion only addresses the above-captioned matter.

by Pumba: (1) another motion for leave to proceed *in forma pauperis* and (2) another prisoner trust fund account statement.[2] *See* Doc. Nos. 11, 12.

Regarding the complaint, Pumba has named the following defendants: (1) correctional officer Sal Madrid ("C.O. Madrid"); (2) Sergeant Victor Pachionni ("Sergeant Pachionni"); (3) Lieutenant Dawson; and (4) the Lehigh County Jail Administration. *See* Compl. at ECF p. 1, Doc. No. 2. In the complaint, Pumba, who is a convicted and sentenced inmate, alleges facts surrounding two separate events at the Lehigh County Jail. *See id.* at ECF pp. 3, 5, 7.

The first event giving rise to Pumba's claims began on June 30, 2021, when C.O. Madrid allegedly flooded Pumba's cell with urine and feces, which caused Pumba to get "sick for a week" afterwards.[3] *See id.* at ECF p. 3. Pumba placed his jumpsuit at the bottom of his cell door to try to stop the urine and feces from coming into his cell. *See id.* at ECF p. 7. C.O. Madrid and Sergeant Pachionni responded to Pumba's attempt to block the cell by pulling out the jumpsuit so C.O. Madrid could continue pushing urine and feces into Pumba's cell. *See id.* C.O. Madrid allegedly also smeared feces on Pumba's cell door. *See id.*

Later that day, Sergeant Pachionni came to Pumba's cell with the C.E.R.T. team and "O.C. spray," removed Pumba's mattress and clothing, and left him "naked on dirty cell with urine and feces," causing Pumba to get sick. *See id.* at ECF p. 3. Pumba also claims that he was "assaulted" and was "refused medical assistance." *See id.* He further avers that Lieutenant Dawson "cut [his] water off for almost 48 hours." *Id.*

The second, and distinct, event giving rise to Pumba's claims occurred on July 22, 2021. *See id.* Pumba alleges that C.O. Madrid "sexually harassed" him when he went inside Pumba's

---

[2] The court has considered Pumba's two *in forma pauperis* applications/motions collectively. They are collectively referred to as the "IFP Application."

[3] Apparently, C.O. Madrid used a squeegee to push the urine and fecal matter into Pumba's cell. *See* Compl. at ECF p. 7.

jumpsuit with his hand and grabbed his penis. *See id.* at ECF pp. 3, 5. He also appears to claim

that C.O. Madrid "failed to keep [him] safe and unhealth [sic] or clean when he refused to give

clean supplies." *Id.* at ECF p. 3.

Based on these allegations, Pumba asserts claims under 42 U.S.C. § 1983.[4] *See id.* at ECF

p. 1. Pumba seeks money damages in the amount of $500,000. *See id.* at ECF p. 3.

## II.   DISCUSSION

### A.   The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or
> defense of any suit, action or proceeding, civil or criminal, or appeal therein,
> without prepayment of fees or security therefor, by a person who submits an
> affidavit that includes a statement of all assets such prisoner possesses that the
> person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal
> courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338
> (1989). Specifically, Congress enacted the statute to ensure that administrative
> court costs and filing fees, both of which must be paid by everyone else who files
> a lawsuit, would not prevent indigent persons from pursuing meaningful litigation.
> *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)].  Toward this end, §
> 1915(a) allows a litigant to commence a civil or criminal action in federal court in
> [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things,
> that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct.
> 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote

omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable

to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir.

---

[4] Although Pumba does not allege what constitutional provision he believes was violated, the court presumes he brings his claims under the Eighth Amendment, which is applicable here because Pumba is a convicted and sentenced inmate. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Pumba is unable to prepay the fees to commence this civil action. Therefore, the court will grant him leave to proceed *in forma pauperis*.[5]

### B.      Standard of Review – Screening of Complaint Under 28 U.S.C. § 1915

Because the court has granted Pumba leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

[a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's

---

[5] As Pumba is a prisoner, he must fully pay the filing fee in installments due to the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

> motivations at the time of the filing of the lawsuit to determine whether the action
> is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Shorter v. United States*, No. 20-2554, 2021 WL 3891552, at *5 (3d Cir. Sept. 1, 2021) ("At this early stage of the litigation, we accept the facts alleged [in the *pro se*] complaint as true, draw all reasonable inferences in [the *pro se* plaintiff's] favor, and ask only whether that complaint, liberally construed, . . . contains facts sufficient to state a plausible . . . claim." (citation, internal quotation marks, and all original alterations omitted)); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) ("We construe Vogt's pro se filings liberally. This means we remain flexible, especially 'when dealing with imprisoned pro se litigants' like Vogt." (internal citations omitted) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013))); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011)

(explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)). Yet, conclusory allegations will not suffice. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)).

Additionally, when construing a *pro se* plaintiff's complaint, the court will "'apply the relevant legal principle even when the complaint has failed to name it.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244). However, *pro se* litigants "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

## C.    Analysis

Pumba is seeking relief in this case under 42 U.S.C. § 1983. This statute provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

**1.     Claims Against the Lehigh County Jail Administration**

Pumba names the "Lehigh County Jail Administration" as a defendant. It is unfortunately unclear to the court who the Lehigh County Jail Administration is and why Pumba names it as a defendant in this case. Pumba does not include any specific allegations in the complaint that would explain the personal involvement of this defendant in the events giving rise to his claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (explaining that, to be liable, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs").

In addition, the absence of any specific allegations about the Lehigh County Jail Administration warrants dismissal of this defendant under Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires pleadings to contain "a short and plain statement" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) ("Under Rule 8(a)(2), a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2))); *Travaline v. U.S. Supreme Ct.*, 424 F. App'x 78, 79 (3d Cir. 2011) (per curiam) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'" (quoting Fed. R. Civ. P. 8(a)(2), (3))). To determine whether a pleading satisfies Rule 8's "plain" statement requirement, the court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). The paramount consideration for the court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94 (citations omitted). Since Pumba has failed to allege any facts about the Lehigh County Jail Administration's involvement in his alleged constitutional harm, he

has failed to state plausible claims against it. Accordingly, the court will dismiss without prejudice Pumba's claims against the Lehigh County Jail Administration.

### 2.      Eighth Amendment Claims Against C.O. Madrid, Sergeant Pachionni, and Lieutenant Dawson

Although somewhat unclear, the court understands Pumba to be alleging that C.O. Madrid, Sergeant Pachionni, and Lieutenant Dawson violated his Eighth Amendment rights on June 30, 2021, when his cell was flooded with feces and urine, his mattress and clothing were taken from him, and the water was turned off to his cell. *See* Compl. at ECF pp. 3, 5, 7. In general, "[t]o determine whether prison officials have violated the Eighth Amendment, [courts] apply a two-prong test: (1) the deprivation must be 'objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities'; and (2) the prison official must have been 'deliberate[ly] indifferen[t] to inmate health or safety.'" *Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Regarding the first prong, necessities include food, clothing, shelter, medical care, and reasonable safety. *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000) ("[W]hen the government takes a person into custody against his or her will, it assumes responsibility for satisfying basic human needs such as food, clothing, shelter, medical care, and reasonable safety." (citing *DeShaney v. Winnebago Co. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989))). As for the second prong, a prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

In this case, Pumba has pleaded plausible conditions of confinement claims under the Eighth Amendment against C.O. Madrid and Sergeant Pachionni. Continued exposure to human

waste can constitute an Eighth Amendment violation. *See DeSpain v. Uphoff*, 264 F.3d 965, 974–75 (3d Cir. 2001) ("Exposure to human waste, like few other conditions of confinement, evokes both the health concerns emphasized in *Farmer* and the more general standards of dignity embodied in the Eighth Amendment."); *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001) ("Inmate exposure to sewage can constitute a serious risk to inmate health and safety and satisfy the objective component." (citations omitted)); *see also Fruit v. Norris*, 905 F.2d 1147, 1150–51 (8th Cir. 1990) (observing that "'common sense' suggests that [prison officials] should have had knowledge that unprotected contact with human waste could cause disease").

Here, Pumba alleges that these defendants deliberately flooded his cell with human waste and left him exposed to that waste, causing him to become ill. This is a plausible Eighth Amendment claim. Therefore, the court will direct that these claims proceed, and that service is effected so that the defendants may file a responsive pleading. *See Roman v. DeMarco*, Civ. No. 18-8010 (FLW) (TJB), 2019 WL 452736, at \*3 (D.N.J. Feb. 5, 2019) (concluding that *pro se* prisoner's allegations against defendants "to the extent that they left him overnight in a cell flooded with raw sewage and served him breakfast there, while [plaintiff] was deprived of any way to clean his soiled hands, are sufficient to state a claim that [plaintiff] was deprived of the 'minimal civilized measure of life's necessities' under either the Eighth or the Fourteenth Amendment" (citations omitted)).

As for Pumba's Eighth Amendment claim against Lieutenant Dawson, Pumba has failed to plead a plausible claim for relief. Pumba alleges that on June 30, 2021, Lieutenant Dawson cut off the water to his cell for almost 48 hours. *See* Compl. at ECF p. 3. Despite this allegation, Pumba has not alleged whether, during the water shut off, he was prevented from using the bathroom, he was provided other fluids for drinking, or he was otherwise denied basic necessities. *Compare*

*Collier v. Adams*, 602 F. App'x 850, 852 (3d Cir. 2015) (per curiam) (concluding that there was no Eighth Amendment violation where prisoner's water was shut off for 77 hours, but other fluids were available to him), *with Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 228–29 (3d Cir. 2015) (holding that complete lack of potable water for three days "other than water in a toilet bowl . . . poses a clear 'substantial risk of serious harm' to an inmate" (quoting *Farmer*, 511 U.S. at 833–34)). Absent additional details and context related to the water shut off, Pumba has not adequately stated a plausible Eighth Amendment claim against Lieutenant Dawson. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."); *Twombly*, 550 U.S. at 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). Although the court is dismissing this claim, the court will permit Pumba leave to file an amended complaint to attempt to cure the defects noted in this claim against Lieutenant Dawson.

**3.      Claims for Excessive Force and Deliberate Indifference to Serious Medical Needs**

Pumba also alleges that he was assaulted and was refused medical assistance. *See* Compl. at ECF p. 3. To the extent that Pumba is intending to assert claims for excessive force or deliberate indifference to a serious medical need, he has not plausibly done so.

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992) ("The objective component of an Eighth Amendment claim is therefore contextual and responsive to 'contemporary standards of decency.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976))). When screening an Eighth Amendment excessive force claim under section 1915, the court asks whether the prisoner has plausibly alleged that the force was

applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain

or restore discipline." *Jackson v. Bueno*, Civ. A. No. 20-687, 2020 WL 2847925, at *3 (E.D. Pa.

June 2, 2020) (quoting *Hudson*, 503 U.S. at 7)). Further,

> [t]he factors used to determine whether the force applied was excessive include: (1)
> the need for the application of force; (2) the relationship between the need and the
> amount of force that was used; (3) the extent of injury inflicted; (4) the extent of
> the threat to the safety of staff and inmates, as reasonably perceived by responsible
> officials on the basis of the facts known to them; and (5) any efforts made to temper
> the severity of a forceful response. *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir.
> 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). Although the extent
> of an inmate's injuries is relevant to an Eighth Amendment analysis, "there is no
> fixed minimum quantum of injury that a prisoner must prove that he suffered
> through objective or independent evidence in order to state a claim for wanton and
> excessive force." *Id.* at 104. Thus, the inquiry must be driven by the extent of the
> force and the circumstances in which it is applied, not by the resulting injuries. *Id.*
> at 108; *see also Smith v. Mensinger*, 293 F.3d 641, 648 (3d Cir. 2002). The Eighth
> Amendment does not protect against a de minimis use of physical force, so long as
> it is not of a sort "repugnant to the conscience of mankind." *Brooks*, 204 F.3d at
> 107 (quoting *Hudson*, 503 U.S. at 9-10).

*Id.*

Aside from his conclusory and generalized allegations in the complaint, Pumba provides

no other factual allegations about his alleged assault and the alleged denial of his request for

medical assistance. Pumba has not alleged sufficient facts about the who, what, where, when, how,

and why of his claims so as to render them plausible. The court therefore dismisses these claims

without prejudice. If Pumba wishes to pursue claims for excessive force or failure to provide

medical care, he must provide the court with more information about these claims in an amended

complaint.

### 4.    Sexual Abuse Claim Against C.O. Madrid

Pumba alleges that on July 22, 2021, C.O. Madrid put his hands inside of Pumba's prison

jumpsuit and grabbed Pumba's penis. *See* Compl. at ECF pp. 3, 5. Pumba alleges that C.O. Madrid

committed the same sexual misconduct in another of his civil cases, *Pumba v. Lehigh County Jail*

*Administration, et al.*, Civil Action No. 22-137. Accordingly, the court will dismiss Pumba's sexual abuse claim against C.O. Madrid in this case without prejudice to him pursuing the claim in his case at Civil Action No. 22-137. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."); *see also Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc) (stating that plaintiff "had no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant"); *Fabics v. City of New Brunswick*, 629 F. App'x 196, 198 (3d Cir. 2015) (per curiam) (affirming district court's dismissal of second duplicative action that added additional defendants because plaintiff was permitted to file amended complaint in first action to preserve claims from second action). In other words, to the extent Pumba is pursuing this sexual abuse claim against C.O. Madrid, he must do so in Civil Action No. 22-137.

### 5.    Miscellaneous Motions

Pumba has also filed four other motions in this case: (1) a motion for release from prison; (2) a motion for speedy trial; (3) a motion "of one million dollars lawsuit"; and (4) a motion for extension of time. *See* Doc. Nos. 5, 7, 8, 9. The court will address each motion in turn.

The court will deny Pumba's motion for release from prison. To the extent that Pumba is intending to challenge his conviction or imprisonment via this motion, it is impermissible in a section 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). If Pumba seeks to challenge his conviction or sentence, he must do so by filing a petition for a writ of habeas corpus after exhausting state

remedies along with either a $5 filing fee or an application for leave to proceed *in forma pauperis*. If he files such a petition, the clerk of court will docket it as a new civil action and it will proceed separately from this case.

The court will also deny Pumba's motion for speedy trial. It is unclear whether Pumba is attempting to reference a pending criminal trial or the civil trial in this case. If he is seeking a speedy trial in this case, it is premature as it is unclear at this juncture whether this case will go to trial. If he is seeking a trial in a pending criminal matter, he may not seek that relief in a civil action under § 1983 because "[a] speedy trial claim necessarily seeks dismissal of the indictment and leads to immediate release from confinement, so it must be brought through a habeas petition after exhausting state remedies." *Garrett v. Murphy*, No. 21-2810, 2022 WL 313799, at *1 (3d Cir. Feb. 2, 2022) (per curiam) (citing cases).

As for Pumba's motion "of one million dollars lawsuit", the court also denies this motion. It appears that Pumba is attempting to make a preliminary request for relief, which is both premature and somewhat duplicative of the relief he seeks in his complaint.

Finally, the court will also deny Pumba's motion for an extension of time. In the motion, Pumba indicates that due to the "corrupted" jail where he is detained, he is unable to review mail or "use the electronics [or] cellphone." Doc. No. 9 at ECF p. 2. While Pumba makes this claim, it is unclear why or for what purpose Pumba needs or requests an extension. To the extent that Pumba needs additional time to file pleadings with the court, he may submit a specific request at the appropriate time.

### III.    CONCLUSION

For the foregoing reasons, the court will grant the IFP Application and will dismiss the following of Pumba's claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii): (1) his

claims against the Lehigh County Jail Administration; (2) his conditions of confinement claim against Lieutenant Dawson; and (3) his claims for excessive force and deliberate indifference to a serious medical need. The court will also dismiss without prejudice Pumba's sexual abuse claim against C.O. Madrid as being duplicative of the claims Pumba raises in Civil Action No. 22-137. The court will further allow Pumba's conditions of confinement claims against C.O. Madrid and Sergeant Pachionni to pass statutory screening and direct that they be served for a responsive pleading.

In addition, because the court cannot say at this time that Pumba cannot cure the defects in the claims that have been dismissed without prejudice, the court will grant Pumba the option of filing an amended complaint to attempt to cure the defects in those claims or advise the court that he seeks to proceed only on the conditions of confinement claims against C.O. Madrid and Sergeant Pachionni.[6]

The court will enter a separate order.[7]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[6] A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).
[7] This order will provide further instruction about Pumba's options for proceeding.