IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSVALDO PUMBA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 21-5639 |
| | : | |
| v. | : | |
| | : | |
| SAL MADRID C.O., SGT. PACHIONNI, L.T. DAWSON, and LEHIGH COUNTY JAIL, | : : : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 29th day of April, 2022, after considering the following filed by the *pro se* plaintiff, Osvaldo Pumba: (1) a motion for release from prison (Doc. No. 5); (2) prisoner trust fund account statements (Doc. Nos. 6, 12); (3) a motion for speedy trial (Doc. No. 7); (4) a motion "of one million dollars lawsuit" (Doc. No. 8); (5) a motion for extension of time (Doc. No. 9); and (6) motions for leave to proceed *in forma pauperis* (Doc. Nos. 10, 11); and for the reasons stated in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The motions for leave to proceed *in forma pauperis* (Doc. Nos. 10, 11) are **GRANTED**, and the plaintiff has leave to proceed *in forma pauperis*;

2. Osvaldo Pumba ("Pumba"), #02001449083, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The court directs the Warden of the Lehigh County Jail or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Pumba's inmate account; or (b) the average monthly balance in Pumba's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this order to the court with a reference to the

docket number for this case. In each succeeding month when the amount in Pumba's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the clerk of court equaling 20% of the preceding month's income credited to Pumba's inmate account until the fees are paid. Each payment shall refer to the docket number for this case;

    3.    The clerk of court is **DIRECTED** to **SEND** a copy of this order to the Warden of Lehigh County Jail;

    4.    The complaint (Doc. No. 2) is **DEEMED** filed;

    5.    The following claims in the complaint (Doc. No. 2) are **DISMISSED WITHOUT PREJUDICE**: (a) all claims against the Lehigh County Jail Administration; (b) the Eighth Amendment conditions of confinement claims against Lieutenant Dawson; and (c) any Eighth Amendment claims for excessive force or deliberate indifference to serious medical needs;

    6.    Pumba's Eighth Amendment sex abuse claim against C.O. Madrid is **DISMISSED WITHOUT PREJUDICE** as duplicative of his claims in Civil Action No. 22-137. Pumba should direct any future filings relating to this sex abuse claim to Civil Action No. 22-137;

    7.    The following motions are **DENIED**: (a) Pumba's motion for release from prison (Doc. No. 5); (b) Pumba's motion for speedy trial (Doc. No. 7); (c) Pumba's motion "of one million dollars lawsuit" (Doc. No. 8); and (d) Pumba's motion for extension of time (Doc. No. 9);

    8.    The clerk of court is **DIRECTED** to **SEND** Pumba a blank copy of the court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number;[1]

    9.    Pumba has **thirty (30) days** from the date of this order to file an amended complaint if he can allege additional facts to state a plausible claim against the Lehigh County Jail

---

[1] This form is available on the court's website at: https://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

Administration, a plausible conditions of confinement claim against Lieutenant Dawson, and plausible claims for excessive force and deliberate indifference to serious medical needs. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Pumba's claims against each defendant, and shall bear the title "Amended Complaint" and the case number, 21-5639. If Pumba files an amended complaint, his amended complaint must be a complete document that includes all the bases for Pumba's claims, including claims that the court has not yet dismissed, if he seeks to proceed on those claims. **For example, Pumba must include in his amended complaint the allegations supporting his conditions of confinement claims against the defendants, C.O. Madrid and Sergeant Victor Pachionni, which have not been dismissed at this time, if Pumba seeks to proceed on those claims**. Claims that are not included in the amended complaint will not be considered part of this case. When drafting his amended complaint, Pumba should be mindful of the court's reasons for dismissing his claims as explained in the court's memorandum opinion. Upon the filing of the amended complaint, the clerk of court shall not make service until so ordered by the court;

10.     If Pumba does not file an amended complaint, the court will direct service of his initial complaint on only defendants C.O. Madrid and Sergeant Pachionni so that he may proceed on the conditions of confinement claims against those defendants as described in the court's memorandum opinion. Pumba may also notify the court that he seeks to proceed on these claims rather than file an amended complaint. If he files such a notice, Pumba is reminded to include the case number for this case, 21-5639;

11. The clerk of court is **DIRECTED** to **SEND** Pumba (a) a copy of the court's separately filed memorandum opinion and this order, and (b) a copy of the complaint in this case (Doc. No. 2); and

12. The time to serve process under Rule 4(m) of the Federal Rules of Civil Procedure is **EXTENDED** to the date 90 days after the court issues summonses in this case if summonses are issued.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.